LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 17-00243 BRO (Ex)** | | Date | March 6, 2017 |
|---|---|---|---|---|
| Title | **UNITED MOTORS INTERNATIONAL, INC. ET AL V.  PETER HARTWICK ET AL** | | | |

Present: The Honorable    **BEVERLY REID O'CONNELL, United States District Judge**

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      (IN CHAMBERS)

## ORDER RE PLAINTIFFS' MOTION TO REMAND AND DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [10, 9]

### I.    INTRODUCTION

Pending before the Court is Plaintiffs United Motors International, Inc. ("United Motors"), EASO Industry, LLC ("EASO"), and Lay M. Ea's (collectively, "Plaintiffs") Motion to Remand, (*see* Dkt. No. 10 (hereinafter, "Remand Mot.")), and Defendants City of Downey and Fernando Vasquez's (collectively, the "Government Defendants") Motion to Dismiss, (*see* Dkt. No. 9 (hereinafter, "Mot." or "Motion")).  After considering the papers filed in support of and in opposition to the instant motions, the Court deems these matters appropriate for resolution without oral argument of counsel.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following reasons, the Court **DENIES** Plaintiffs' Motion to Remand and **GRANTS in part** Government Defendants' Motion to Dismiss.

### II.    FACTUAL AND PROCEDURAL BACKGROUND

#### A.    Factual Background

Plaintiff United Motors is a California corporation qualified to do business in Downey, California.  (*See* Dkt. No. 1-2 (hereinafter, "FAC") ¶ 1.)  Lay M. Ea ("Ea"), a resident of California, is the principal of United Motors.  (*See id.* ¶ 2.)  EASO is "a limited liability company" qualified to do business in California and owns real property in Downey, California, located at 11921 Woodruff Avenue (the "Property").  (*See id.* ¶¶ 2–4.)  On the Property, United Motors "operates an automobile export business."  (*Id.*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

#### CIVIL MINUTES – GENERAL

| Case No. | CV 17-00243 BRO (Ex) | | Date | March 6, 2017 |
|---|---|---|---|---|
| Title | UNITED MOTORS INTERNATIONAL, INC. ET AL V.  PETER HARTWICK ET AL | | | |

¶ 4.)  Defendants Fernando Vasquez ("Vasquez"), Peter Hartwick and Andrea Hartwick reside in California.[1]  (*See id.* ¶¶ 7–9.)

On or about August 3, 2015, EASO purchased the Property from the City.  (*See id.* ¶ 13.)  In the written purchase and sale agreement, the City agreed to allow Plaintiffs to run their auto export business on the Property, promising to issue the requisite conditional and business permits.  (*See id.* ¶¶ 13, 34.)  Plaintiffs allege the City never intended to honor this agreement; rather, the City's intent was to "take Plaintiffs' money," "dispossess Plaintiffs of the property and the business" following property improvements; and, "sell the improved property to Defendant Vasquez."  (*See id.* ¶ 15.)

Plaintiffs claim Defendants purposefully harassed them by: (1) "conducting dozens of surprise inspections;" (2) "making false and defamatory statements regarding Plaintiffs' business" in public settings; (3) "[h]olding City Council meetings to discuss revocation of Ea's conditional use permit" when Plaintiff lacked notice; (4) "[r]efusing to issue Plaintiffs a business license" when they satisfied all requisite conditions; and, (5) "[i]ssuing building permits for improvements" on the Property, then unjustly issuing "stop work" notices.  (*Id.* ¶ 16.)

Additionally, Plaintiffs allege that the Hartwick Defendants and/or Vazquez threatened, intimidated, and harassed them in August 2015.  (*See id.* ¶ 17.)  The alleged conduct included: (1) removing the barrier fence bordering the Property; (2) instructing pit bull dogs to attack both Ea and his employees; (3) shooting Ea with an air gun; (4) vandalizing and trespassing on the Property; (5) Defendants making false statements and passing out defamatory flyers about the Property; and, (6) producing false reports that accused Plaintiffs of polluting the City's water supply with hazardous materials.  (*See id.* ¶ 18.)  Plaintiffs contend that the Hartwick Defendants' and Vazquez's seek to force Plaintiffs to sell the Property "to the named and other Doe Defendants."  (*Id.* ¶ 20.)

---

[1]Additionally, Plaintiffs named the business owned by Peter and Andrea as Defendant Doe 1, which is located next to the Property.  (*See* FAC at ¶ 10.)  The City of Downey (the "City") is a named Defendant.  (*See id.* ¶ 5.)  Peter and Andrea Hartwick will be referred to collectively as the "Hartwick Defendants."

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 17-00243 BRO (Ex) | Date | March 6, 2017 |
|---|---|---|---|
| Title | UNITED MOTORS INTERNATIONAL, INC. ET AL V.  PETER HARTWICK ET AL | | |

### B.     Procedural History

Plaintiffs filed this action on April 28, 2016, in the Superior Court of California, County of Los Angeles ("Los Angeles Superior Court").  (*See* Dkt. No. 1-1 (hereinafter, "Compl.").)  On December 1, 2016, Plaintiffs filed a First Amendment Complaint ("FAC") in Los Angeles Superior Court.  (*See* FAC at 2.)  Plaintiffs allege the following eleven state law causes of action: (1) breach of contract, against the City; (2) fraud, against the Government Defendants and Doe Defendants 1 through 10; (3) specific performance, against the City; (4) assault, against the Hartwick Defendants, Vazquez, and Doe Defendants 1 through 10; (5) trespass, against the Hartwick Defendants, Vasquez, and Doe Defendants 1 through 10; (6) defamation, against the Hartwick Defendants, Vasquez, and Doe Defendants 1 through 10; (7) intentional interference with prospective economic advantage, against the Hartwick Defendants, Vasquez, and Doe Defendants 1 through 10; (8) unfair business practices in violation of Business & Professions Code Section 17200, against all Defendants; (9) nuisance, against the Hartwick Defendants, and Does 1 through 10; (10) extortion, against all Defendants; and, (11) civil stalking in violation of Civil Code Section 1708.7, against Defendant Peter Hartwick.  (*See* FAC ¶¶ 21–95.)

In addition, Plaintiffs allege three federal causes of action: (1) violation of the Racketeering & Corrupt Organizations Act ("RICO"), against all Defendants; (2) discrimination in violation of 42 U.S.C. Sections 1983, *et seq.*, against the Government Defendants and Doe Defendants; and, (3) a violation of Title VI of the Civil Rights Act of 1964, against the Government Defendants and Doe Defendants.  (*See* FAC ¶¶ 85–90, 96–110.)

Defendants removed the action on January 11, 2017.  (*See* Dkt. Nos. 3–4.)  Plaintiffs filed the instant Motion to Remand on January 18, 2017.  (*See* Remand Motion.)  On February 6, 2017, the Hartwick Defendants filed a Notice of Consent to Removal.  (*See* Dkt. No. 15.)  The Government Defendants filed their opposition to Plaintiffs' Motion to Remand on February 13, 2017.  (*See* Dkt. No. 17 (hereinafter, "Remand Opp'n").)

Government Defendants moved to dismiss Plaintiffs' First Amended Complaint ("FAC") on January 18, 2018.  (*See* Mot.)  Plaintiff Ea opposed the Government

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 17-00243 BRO (Ex)** | | Date | March 6, 2017 |
|---|---|---|---|---|
| Title | **UNITED MOTORS INTERNATIONAL, INC. ET AL V.  PETER HARTWICK ET AL** | | | |

Defendants' Motion to Dismiss on February 13, 2017.  (*See* Dkt. No. 19 (hereinafter, "Opp'n").)  Government Defendants replied in support of their Motion on February 17, 2017.  (*See* Dkt. No. 20 (hereinafter, "Reply").)  Additionally, the Government Defendants filed a Request for Judicial Notice on January 19, 2017, (*see* Dkt. No. 22 (hereinafter, "RJN")), and a Supplemental Request for Judicial Notice on February 17, 2017, (*see* Dkt. No. 22 (hereinafter, "Supp. RJN")).

## III.    JUDICIAL NOTICE

When considering a motion to dismiss, a court typically does not look beyond the complaint in order to avoid converting a motion to dismiss into a motion for summary judgment.  *See Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n Solimino*, 501 U.S. 104 (1991).  Notwithstanding this precept, a court may properly take judicial notice of: (1) material which is included as part of the complaint or relied upon by the complaint; and, (2) matters in the public record.  *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001); *see also Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1134, 1137 (C.D. Cal. 2010) (holding that a court may "consider documents that are incorporated by reference but not physically attached to the complaint if they are central to the plaintiff's claim and no party questions their authenticity").  A court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  *See* Fed. R. Evid. 201(c)(2); *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014).  Plaintiffs do not oppose any of Defendants' Requests.

Government Defendants request the Court take judicial notice of three sections of the City of Downey Municipal Code ("DMC"): (1) Section 6301, (*see* RJN at 2); (2) Section 6301, (*see* RJN at 2); and, (3) Section 6200.2, (*see* Supp. RJN at 2).  The Court finds city ordinances to be judicially noticeable, thus the Government Defendants' Request is **GRANTED**.  *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, n.2 (9th Cir. 2006); *see also Lamle v. City of Santa Monica*, No. CV 04-6355-GHK (SH), 2010 WL 3734868, *2 (C.D. Cal. July 23, 2010) ("City ordinances are proper subjects for judicial notice.").

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 17-00243 BRO (Ex) | | Date | March 6, 2017 |
|---|---|---|---|---|
| Title | UNITED MOTORS INTERNATIONAL, INC. ET AL V.  PETER HARTWICK ET AL | | | |

## IV.   LEGAL STANDARD

### A.   Motion to Remand

Federal courts are of limited jurisdiction and possess only that jurisdiction which is authorized by either the Constitution or federal statute.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Pursuant to § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states.  28 U.S.C. § 1332(a)(1).  The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Under § 1441(a), a civil action may be removed to the district court only if the district court has original jurisdiction over the issues alleged in the state court complaint.  *See* 28 U.S.C. § 1441(a).  When a civil action is removed solely under § 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).

"Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal."  *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *see United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) (finding that "the usual rule is that all defendants in an action in a state court must join in a petition for removal").

In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*  The removing party therefore bears a heavy burden to rebut the presumption against removal.  *See id.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV 17-00243 BRO (Ex)** | Date | March 6, 2017 |
|---|---|---|---|
| Title | **UNITED MOTORS INTERNATIONAL, INC. ET AL V.  PETER HARTWICK ET AL** | | |

### B.    Motion to Dismiss

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a complaint fails to do this, the defendant may move to dismiss it under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'" that the plaintiff is entitled to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a motion to dismiss for failure to state a claim, a court should follow a two-pronged approach: first, the court must discount conclusory statements, which are not presumed to be true; and then, assuming any factual allegations are true, the court shall determine "whether they plausibly give rise to entitlement to relief." *See id.* at 679; *accord Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).  A court should consider the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00243 BRO (Ex) | Date | March 6, 2017 |
|---|---|---|---|
| Title | UNITED MOTORS INTERNATIONAL, INC. ET AL V.  PETER HARTWICK ET AL | | |

## V.    DISCUSSION

### A.    Motion to Remand

#### 1.    Procedural Defect

"[A] procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court." *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998); *see Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) ("[W]hen the notice of removal is filed, the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment."). Plaintiffs argue that the Hartwick Defendants failed to consent to this action's removal from state to federal court; therefore, the removal is defective. (*See* Remand Mot. at 5.) Defendants claim the subsequent filing of a Notice of Consent to Removal by the Hartwick Defendants remedied any defect in the removal process. (*See* Remand Opp'n at 3.)

The Government Defendants removed this action on January 11, 2017. (*See* Removal.) On January 18, 2017, Plaintiffs filed their Remand Motion, raising the procedural defects noted above. (*See* Remand Mot.) On February 6, 2017, the Hartwick Defendants filed a Notice of Consent to Removal with the Court, signed by their attorney pursuant to this Court's Local Rules. (*See* Dkt. No. 15.) Government Defendants proffer this document as an adequate cure to the defective petition for removal filed with this Court. (*See* Remand Opp'n at 3.) In light of the aforementioned Ninth Circuit precedent, this Court finds Government Defendants' subsequent submission illustrating the Hartwick Defendants' consent to be a sufficient cure to satisfy the requirements of § 1446(b)(2)(A). *See Soliman v. Philip Morris Inc.*, 311 F.3d 966, 970 (9th Cir. 2002) (finding "that the original removal notice was defective because it wasn't signed by all defendants," but the district court permitted "defendants to cure this defective by amending the notice").

"A party, generally the defendant, may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

#### CIVIL MINUTES – GENERAL

| Case No. | CV 17-00243 BRO (Ex) | Date | March 6, 2017 |
|---|---|---|---|
| Title | UNITED MOTORS INTERNATIONAL, INC. ET AL V.  PETER HARTWICK ET AL | | |

his or her right to a federal forum." *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994). "Where, as here, a party takes necessary defensive action to avoid a judgment being entered automatically against him, such action does not manifest an intent to litigate in state court, and accordingly, does not waive the right to remove. *Resolution Trust Corp.*, 43 F.3d at 1240.

Plaintiffs argue that, "by filing a demur [sic] in State Court, [Defendants] [] waived their right to consent to removal." (Remand Mot. at 5.)  Defendants contend that filing a demurrer in state court does not constitute a waiver of the ability to consent to removal. (*See* Remand Opp'n at 4.)  Because Defendants were taking "necessary defensive action[s] to avoid a judgment being entered automatically," the Court finds that Defendants' demur in state court "does not manifest an intent to litigate in state court, and accordingly does not waive the right to remove." *Resolution Trust Corp.*, 43 F.3d at 1240; *see Acosta v. Direct Merchants Bank*, 207 F. Supp. 2d 1129, 1131 (S.D. Cal. 2002) ("It is well-settled that merely filing a responsive pleading does not invoke the state court's jurisdiction so as to constitute a waiver of the right to remove.").  For the foregoing reasons, the Court finds that Plaintiffs have failed to establish grounds for remand in this case.

#### 2.    Federal Question Jurisdiction

Under 28 U.S.C. § 1441(a), a civil action may be removed to federal court only if the action could have been brought there originally.  This means that removal is proper only if the district court has original jurisdiction over the issues alleged in the state court complaint.  The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). If a district court finds, at any time, that it lacks original jurisdiction, the court must remand the action. *See* 28 U.S.C. § 1447(c).  Moreover, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1988)).  This presumption against removal "means that the defendant always has the burden of establishing that removal is proper." *Id.* (citations omitted).  "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 17-00243 BRO (Ex) | | Date | March 6, 2017 |
|---|---|---|---|---|
| Title | UNITED MOTORS INTERNATIONAL, INC. ET AL V.  PETER HARTWICK ET AL | | | |

"A case arises under federal law within the meaning of [28 U.S.C.] § 1331 if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (internal quotation marks omitted).  Here, Plaintiffs bring claims under RICO, Title VI of the Civil Rights Act of 1964, and 42 U.S.C. § 1983.  (*See generally* FAC.)  This Court has original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 1331.  Accordingly, this Court has jurisdiction over Plaintiffs' federal causes of action.  Furthermore, this Court may exercise supplemental jurisdiction over Plaintiffs' state law claims because these claims form part of the same case or controversy between the Parties.  *See* 28 U.S.C. § 1367(a).  For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Remand.

### B.   **Motion to Dismiss**

Defendants City of Downey and Fernando Vazquez (the "Government Defendants") move to dismiss Plaintiffs' First Amended Complaint on the following grounds: (1) Plaintiffs failed to exhaust their administrative and judicial remedies; (2) Plaintiffs' claims against the City of Downey and Mayor Vasquez are barred by governmental immunity; (3) the first and third claims for breach of contract and specific performance fail to state claims upon which relief can be granted; (4) the second claim for fraud fails to state facts sufficient to support a claim for relief; (5) the fourth, fifth, sixth, and seventh claims fail to state facts sufficient to support a claim for relief against Mayor Vasquez based on civil conspiracy; (6) the eighth claim for Unfair Business Practices fails to state facts sufficient to support a claim for relief against defendants; (7) the tenth claim for extortion fails to state facts sufficient to support a claim for relief against defendants; (8) the eleventh claim brought pursuant to RICO fails to state facts sufficient to support a claim for relief against defendants; (9) the thirteenth claim brought pursuant to 42 U.S.C. § 1983 fails to state facts sufficient to support a claim for relief against defendants; and (10) the twelfth claim brought pursuant to Title VI of the Civil Rights Act of 1964 fails to state facts sufficient to support a claim for relief against defendants.  (*See* Mot.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00243 BRO (Ex) | | Date | March 6, 2017 |
|---|---|---|---|---|
| Title | UNITED MOTORS INTERNATIONAL, INC. ET AL V.  PETER HARTWICK ET AL | | | |

### 1.    Exhaustion

Exhaustion of administrative remedies "refers to the requirement that administrative remedies be pursued as a jurisdictional prerequisite to seeking judicial relief from an administrative action." *Ca. Corr. Peace Officers Assn. v. State Personnel Bd.*, 10 Cal. 4th 1133, 1148 (Cal. 1995).  "In general, a party must exhaust administrative remedies before resorting to the courts.  [Citations.]  Under this rule, an administrative remedy is exhausted only upon 'termination of all available, nonduplicative administrative review procedures.' [Citations.] 'The exhaustion doctrine is principally grounded on concerns favoring administrative autonomy (i.e., courts should not interfere with an agency determination until the agency has reached a final decision) and judicial efficiency (i.e., overworked courts should decline to intervene in an administrative dispute unless absolutely necessary).' [Citations.]"  *Coachella Valley Mosquito and Vector Control Dist. v. Ca. Public Empl. Relations Bd.*, 35 Cal. 4th 1072, 1080 (Cal. 2005).  However, if the legislature has not provided an administrative remedy, or the administrative remedy is not effective, the exhaustion requirement is not applicable. *California Corr. Peace Officers Assn. v. State Pers. Bd.*, 10 Cal. 4th 1133, 1151 (Cal. 1995) (citing *Park 'N Fly of San Francisco, Inc. v. City of South San Francisco*, 188 Cal. App. 3d 1201, 1208 (Cal. Ct. App. 1987); *Los Angeles Cty. Employees Assn. v. Cty. of Los Angeles*, 168 Cal. App. 3d 683, 686 (Cal. Ct. App. 1985)).

### a.    Exhaustion of Administrative Appeals

The Government Defendants claim that Plaintiffs:

have not made any allegations that they appealed the denial of such licenses or permits with the City Council or any other official body that could rule on such supposed denials.  In particular, the City of Downey's municipal code section 6206(d) provides that '[t]he denial of any business license by the Tax Collector may be appealed to the City Council pursuant to the provisions of Section 6301(f) of this article.'

(Mot. at 5–6 (citing DMC § 6206(d); RJN, Ex. A).)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 17-00243 BRO (Ex)** | | Date | March 6, 2017 |
|---|---|---|---|---|
| Title | **UNITED MOTORS INTERNATIONAL, INC. ET AL V.  PETER HARTWICK ET AL** | | | |

 Government Defendants explain that "Plaintiffs' failure to avail themselves of the City's appeal procedure for the denial of a business license precludes the claims they now assert predicted on such denial."  (Mot. at 6 (citing *Concerned Citizens of Palm Desert v. Bd. of Supervisors*, 38 Cal. App. 3d 257, 266 (Cal. Ct. App. 1974)).)

 Plaintiffs respond that they sufficiently allege in their FAC that "Plaintiffs have complied with the Government Claims Act, *and all other conditions precedent to suing a public entity*, by submitting a claim, which claim was denied.  Plaintiff (sic) have obtained a 'right to sue' letter."  (*See* Opp'n at 3 (emphasis in original) (citing FAC ¶ 6).)  Additionally, Plaintiffs explain that the Downey Municipal Code Section 6206(d) applies only to a denial of a business license by the tax collector, while Plaintiffs allege in their FAC that David Blumenthal, the Senior Planner for the City, instructed the City Clerk not to issue the business license to Plaintiffs.  (*See* Opp'n at 3.)  Plaintiffs also argue that an appeal to the City Council would be futile, and thus, is not required in this instance.  (Opp'n at 4.)

 At the pleadings stage, this Court accepts Plaintiffs' allegations as true.  And at this stage, a general allegation of compliance with the exhaustion requirement suffices.  *See Henderlong v. S. California Reg'l Rail Auth.*, No. CV 14-03610 DDP PLAX, 2014 WL 4667087, at *6 (C.D. Cal. Sept. 18, 2014), *on reconsideration in part*, No. CV 14-03610 DDP PLAX, 2014 WL 6606538 (C.D. Cal. Nov. 5, 2014).  The FAC shows that Plaintiffs allege facts to plead that they "have complied with the Government Claims Act, and all other conditions precedent to suing a public entity, by submitted [sic] a claim, which claim was denied.  Plaintiff [sic] have obtained a 'right to sue' letter."  (*See* FAC ¶ 6.)

 Viewing this allegation in a light favorable to Plaintiffs, this allegation is sufficient to plead satisfaction of the CTCA's requirements.  However, the allegation does not address exhaustion of Downey's requirements for appeal under DMC § 6206(d).  The Court has scoured the FAC and finds no additional factual allegations that suggest Plaintiffs have exhausted their administrative remedies with respect to state and local codes including DMC § 6206.

 Secondly, the Court is unpersuaded by Plaintiffs' claim that because "the FAC expressly states that it was David Blumenthal, the Senior Planner for the City who

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV 17-00243 BRO (Ex)** | | Date | March 6, 2017 |
|---|---|---|---|---|
| Title | **UNITED MOTORS INTERNATIONAL, INC. ET AL V.  PETER HARTWICK ET AL** | | | |

instructed the City Clerk not to issue the business license to Plaintiffs," thus, the DMC § 6206 is inapplicable.  As Government Defendants note in their Reply, the DMC defines "Tax Collector" as "the Director of Finance *or designee*."  *See* DMC § 6200.2(d) (emphasis added).  Plaintiffs' contention that because "David Blumenthal, Senior Planner for the City, instructed the clerk not to issue Ea the license without explanation" therefore Plaintiffs need not comply with the administrative review set forth in DMC § 6206, is unavailing.

If Plaintiffs contend that the denial's issuance was invalid under DMC § 6206, then Plaintiffs at present have not received an operative denial of their application for a business license.  In that case, Plaintiffs' contention that they have not received a *valid* denial letter directly contradicts Plaintiffs' allegations in support of their breach of contract, contractual fraud, and specific performance causes of action, which allege that Defendants have violated the terms of the contract and defrauded Plaintiffs by denying Plaintiffs' application for a business license, (*see* FAC ¶¶ 26–27).  Put differently, a key allegation underlying Plaintiffs' contractual claims is that Defendants have *denied* Plaintiffs' application for a business license, and thereby breached the contract, committed fraud, and owe Plaintiffs specific performance.  Thus, Plaintiffs argument that the DMC § 6206(d) requirement does not apply to them because the "tax collector" did not deny their application is unpersuasive to this Court.

As a result, the Court finds that Plaintiffs have failed to plead exhaustion of their administrative remedies under DMC § 6206.  Furthermore, while Plaintiffs raise arguments regarding futility of appeal in their opposition, Plaintiffs failed to include factual allegations to plead futility of proceeding via administrative review.  Accordingly, because Plaintiffs plead neither exhaustion of administrative remedies, nor futility of pursuing administrative remedies, the Court lacks jurisdiction to consider Plaintiffs' breach of contract, contractual fraud, and specific performance claims at this time.  Thus, the Court **GRANTS in part** Government Defendants' Motion on exhaustion grounds, with respect to Plaintiffs' claims for breach of contract (against City), fraud (against City and Vazquez), and specific performance (against City), which as pleaded are premised upon Government Defendants' alleged denial of Plaintiffs' application for a business

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00243 BRO (Ex) | | Date | March 6, 2017 |
|---|---|---|---|---|
| Title | UNITED MOTORS INTERNATIONAL, INC. ET AL V.  PETER HARTWICK ET AL | | | |

license under DMC § 6206.[2]  Accordingly, the Court **DISMISSES without prejudice** Plaintiffs' breach of contract, fraud, and specific performance claims.

### 2.    Governmental Immunity

Government Defendants argue that "under the California Tort Claims Act ("CTCA"), public entities are immune from liability related to injuries caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization . . . ." (Mot. at 7 (citing Cal. Govt. Code §§ 818.4, 821.2).)  Government Defendants claim that this immunity is absolute and may even apply in circumstances where (1) officials act maliciously and intentionally, and (2) claims involve allegations of conspiracy.  (*See* Mot. at 8.)  Government Defendants also argue that "[d]espite plaintiffs' attempt to cloud the FAC with allegations of extortion, conspiracy and fraud, plaintiffs are seeking damages for injuries arising from the denial of business licenses and/or permits . . . ."[3]  (Mot. at 8.)

The California Government Code sets forth a number of immunities to protect public employees from the threat of suit for liability for alleged injuries arising out of the exercise of their governmental duties.  To that end, California law provides the following: "[e]xcept as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."  Cal. Gov't Code § 820.2.  In interpreting this statute, California state courts have concluded that "[t]he immunity applies even to 'lousy' decisions in which the worker abuses his or her discretion, including decisions based on 'woefully inadequate information.'"  *Christina C. v. Cty. of Orange*, 220 Cal. App. 4th 1371, 1381 (Cal. Ct. App. 2013) (quoting *Ortega*

---

[2] Because the Court finds that Plaintiffs have not pleaded exhaustion or futility of exhaustion under DMC § 6206, the Court need not reach the parties arguments with respect to mandamus.

[3] The Court need not address Government Defendants' claims that they are immune from liability under the California Tort Claims Act with respect to Plaintiffs' claims for breach of contract, specific performance, and contractual fraud.  (*See* Mot. at 7.)  But the Court will address Government Defendants' claim of governmental immunity with respect to the remaining claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00243 BRO (Ex) | Date | March 6, 2017 |
|---|---|---|---|
| Title | UNITED MOTORS INTERNATIONAL, INC. ET AL V.  PETER HARTWICK ET AL | | |

*v. Sacramento Cty. Dep't of Health & Human Servs.*, 161 Cal. App. 4th 713, 725, 728, 733 (Cal. Ct. App. 2008)).

Government Defendants refer the Court to several Government Code immunity sections. (*See* Mot. at 7–8.)  Government Code section 818.4 concerns immunity for government entities.  Section 818.4 provides that "[a] public entity is not liable for an injury caused by the . . . denial . . . of . . . any permit . . . or similar authorization where the public entity or an employee of the public entity is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended, or revoked."  *Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 809–10 (9th Cir. 2007).

Government Code section 821 states: "A public employee is not liable for an injury caused by his adoption of or failure to adopt an enactment or by his failure to enforce an enactment."  Section 821.2 specifically immunizes public employees for their roles in the permit decisions governed by section 818.4.  "The immunity applies only to discretionary activities."  *Kay*, 504 F.3d at 810 (citing *Richards v. Dep't of Alcoholic Beverages Control*, 139 Cal. App. 4th 304, 318 (2006)).  The decision whether to issue a conditional use permit is "discretionary by definition."  *Kay*, 504 F.3d at 810 (citing *BreakZone Billiards v. City of Torrance*, 81 Cal. App. 4th 1205, 1224 (2000) (citation omitted)).  Government Code section 820.2 provides that "a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

Government Defendants argue that under Government Code sections 818.4 and 821.2, neither City nor Vazquez can be liable for damages allegedly resulting from their denial of business licenses and/or permits.  (Mot. at 8.)  And Government Defendants claim that their immunity from suit in licensure cases is absolute.  (Mot. at 7.)  Moreover, Government Defendants explain that their immunity from suit even applies in circumstances where they act maliciously and intentionally, including when a claim involves allegations of conspiracy.  (*See* Mot. at 8 (citing *Land Waste Mgmt. v. Contra Costa Cty. Bd. of Supervisors*, 222 Cal. App. 3d. 950).)  Plaintiffs respond that their "contractual claims" (i.e. the breach of contract, fraud, and specific performance claims) are not subject to governmental immunity because (1) the contract exception to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00243 BRO (Ex) | Date | March 6, 2017 |
|---|---|---|---|
| Title | UNITED MOTORS INTERNATIONAL, INC. ET AL V.  PETER HARTWICK ET AL | | |

governmental immunity applies and (2) the issuance of a business license is not a discretionary act.[4]  (*See* Opp'n at 5.)

In *Land Waste Mgmt.*, the California Court of Appeal considered whether a plaintiff could sue individual county supervisors in tort.  222 Cal. App. 3d. 950.  The Court of Appeal explained that:

> [a]lthough appellant attempts to avoid the sweep of these [Government Code] immunity provisions by describing its tort claims in terms of an alleged conspiracy, the courts have been uniform in their rejection of such claims when it is clear, as it is here, that their factual basis rests entirely on the exercise of protected governmental duties or functions. [Citations omitted.] In this case, no matter how creatively appellant tries to characterize its claims regarding Supervisor Schroder and the other respondents herein, the act which it claims caused it damage was simply Schroder's abstention from voting as a member of the board of supervisors in connection with the Kirker Pass project.  Under the cited immunity statutes, however, neither individual legislators nor legislative entities can be sued in tort for injury caused by adoption of or failure to adopt an enactment, or by failure or refusal to issue or deny a permit, license or similar authorization.

*Land Waste Mgmt.*, 222 Cal. App. 3d at 963.

In the instant case, Plaintiffs allege that the Government Defendants caused damage to Plaintiffs by refusing to grant certain permits and licenses to Plaintiffs for the use of the Property.  (*See* FAC ¶¶ 13, 15, 16, 23, 26.)  Government Defendants argue that under the CTCA they are entitled to absolute immune from liability related to injuries caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar

---

[4] As explained above, the Court need not reach whether governmental immunity applies to Plaintiffs' contractual claims.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 17-00243 BRO (Ex) | | Date | March 6, 2017 |
|---|---|---|---|---|
| Title | UNITED MOTORS INTERNATIONAL, INC. ET AL V.  PETER HARTWICK ET AL | | | |

authorization, even where such injury results from malicious, intentional, or conspiratorial conduct.  (*See* Mot. at 7–8.)

However, the FAC's allegations exceed mere acts or failures to act with respect to enactments, exercise of discretion, issuance of licenses, permits, or authorization.  Rather, Plaintiffs allege more broadly that the denial of licenses/permits was one of several injurious actions committed by Defendant Vazquez.  Plaintiffs claim that in addition to allegedly causing City employees to deny Plaintiffs' licenses, Vazquez has a personal motive to acquire the Property, (*see* FAC ¶ 14), and conspired with the Hartwick Defendants to commit assaults, trespass, defamation, intentional interference with economic advantage, and extortion to achieve his goal of acquiring title to the Property, (FAC ¶ 17).

These activities, both the license/permit denials and tortious acts, were allegedly conducted in furtherance of a conspiracy seeking to dispossess Plaintiffs of the Property. Plaintiffs allege that Vazquez seeks to acquire the Property, not on behalf of the City or in furtherance of the City's objectives, but in his personal capacity.  (*See* FAC ¶ 18; see also Opp'n at 13 ("Vazquez and the Hartwicks, and others, conspired for the purpose of ultimately driving Plaintiffs off the Property, and obtaining it for themselves.").)  The allegations exceed both the City's and its representatives' actions in furtherance of official duties and capacity.  Unlike the plaintiff in *Land Waste Mgmt.*, Plaintiffs allege not only injury arising from the denial of licenses and breach of contract.  Rather, Plaintiffs also claim injuries such as fear and distress caused by being shot at and attacked by pitbulls.  (*See* FAC ¶¶ 45 (fear), 46 (fear), 51 (emotional distress, pain, suffering), 56 (personal property damage).)

Unlike in *Land Waste Mgmt.*, the Court cannot find that "it is clear . . . that [Plaintiffs'] factual basis rests entirely on the exercise of protected governmental duties or functions."  *See Land Waste Mgmt.*, 222 Cal. App. 3d at 963.  At this time, the Court cannot find, based merely on the pleadings before it, that the Government Defendants are absolutely immune from Plaintiffs' non-contractual state law tort claims; the factual basis pleaded does not appear to rest entirely on the exercise of protected governmental duties

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 17-00243 BRO (Ex) | | Date | March 6, 2017 |
|---|---|---|---|---|
| Title | UNITED MOTORS INTERNATIONAL, INC. ET AL V.  PETER HARTWICK ET AL | | | |

or functions.[5]  Accordingly, the Court proceeds to evaluate the sufficiency of Plaintiffs' pleadings with respect to the remaining state and federal law claims.

### 2. Civil Conspiracy

Plaintiffs allege that Defendant Vazquez conspired with the Hartwick Defendants to deprive Plaintiffs of their property by harassing and threatening Ea and his wife. (*See* FAC ¶¶ 111–14.)  Civil conspiracy is not an independent tort.  *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510–11 (Cal. 1994).  The basis of a civil conspiracy is the formation of a group of two or more persons who have agreed to a common plan or design to commit a tortious act.  *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1582 (Cal. Ct. App. 1995).  Here, the alleged civil conspiracy encompasses torts including assault, trespass, defamation, and intentional interference with prospective economic advantage.  (*See* FAC ¶¶ 111–14.)  To prove a claim for civil conspiracy, a plaintiff must provide substantial evidence of three elements: (1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct.  *Id.* at 1581.

"Bare" allegations and "rank" conjecture do not suffice for a civil conspiracy. *Choate v. Cty. of Orange*, 86 Cal. App. 4th 312, 333 (Cal. Ct. App. 2000), *as modified on denial of reh'g* (Jan. 17, 2001).  A party seeking to establish a civil conspiracy must show that each member of the conspiracy acted in concert and came to a mutual understanding to accomplish a common and unlawful plan, and that one or more of them committed an overt act to further it.  *Arei II Cases*, 216 Cal. App. 4th 1004, 1022 (Cal. Ct. App. 2013). It is not enough that the conspirators knew of an intended wrongful act, they must agree—expressly or tacitly—to achieve it.  *Id.*; *Youst v. Longo*, 43 Cal. 3d 64, 79 (Cal. 1987).  But "because of the very nature of a conspiracy, 'its existence must often be inferentially and circumstantially derived from the character of the acts done, the relations of the parties and other facts and circumstances suggestive of concerted

---

[5] The Court notes that the Government Defendants acknowledge the uncertainty regarding whether the factual basis of Plaintiffs' claims is exclusively predicated upon protected governmental duties or functions.  In their Opposition, Defendants state: "*To the extent* that plaintiffs' claims are predicated on the City's *decision-making regarding plaintiffs' use* of the Woodruff Properties, *such claims* must have been brought pursuant Section [sic] 1094.5." (Mot. at 7 (emphasis added).)

LINK:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 17-00243 BRO (Ex) | | Date | March 6, 2017 |
|---|---|---|---|---|
| Title | UNITED MOTORS INTERNATIONAL, INC. ET AL V. PETER HARTWICK ET AL | | | |

action.'" *Arei II Cases*, 216 Cal. App. 4th at 1022 (citing *Schessler v. Keck* (1954) 125 Cal. App. 2d 827, 833 (Cal. Ct. App. 1954)).

Defendants claim that Plaintiffs' civil conspiracy claim fails because Plaintiffs' pleadings "offer nothing more than a recitation of the vague and deficient conspiracy allegations littered throughout the FAC. There are no specific allegations of the Mayor and the Hartwicks coming to any agreement or meeting of the minds." (Mot. at 18.) Defendants also argue that "[P]laintiffs offer no factual support for their speculative allegations that [Vazquez] acted 'with the ultimate goal of Defendants' obtaining title to the Ea Property for themselves and their co-conspirators.'" (*Id.*) Plaintiffs respond that under the standard set in *Arei II Cases*, the facts they have pleaded suffice at this pleading stage to support the civil conspiracy claim.

With respect to the "formation and operation" element, Plaintiffs plead facts to allege that "Defendants include unknown members of the City of Downey municipal government . . . who have conspired with the Hartwicks and other Defendants as part of an enterprise to dispossess Plaintiffs of the Ea Property." (FAC ¶ 19.) Specifically, Plaintiffs claim that:

> Defendants Peter [Hartwick], Andrea [Hartwick], and Vazquez have conspired with each other . . . to engage in a series of wrongful acts directed at Plaintiff . . . with the intent to deny Plaintiffs the use and enjoyment of the Ea Property, and with the ultimate goal of Defendants' obtaining title to the Ea Property for themselves and their co-conspirators.

(FAC ¶ 112.) Plaintiffs also allege facts that Defendants Peter Hartwick, Vazquez, and the City of Downey formed their agreement and scheme to threaten, intimidate, and harass Plaintiffs in approximately August 2015. (*See* FAC ¶ 17.) Further, Plaintiffs plead that Defendant Vazquez had a personal motive to acquire the Property, (*see* FAC ¶ 14), and threatened Plaintiff Ea that Ea "better 'play ball.'" (FAC ¶ 16(c).) Accordingly, Plaintiffs have adequately pleaded facts to allege that Defendant Vazquez intentionally agreed to a scheme to threaten, intimidate and harass Plaintiffs, with an intent to deny Plaintiffs the use and enjoyment of the Property. These pleadings suffice to satisfy the first element of civil conspiracy.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 17-00243 BRO (Ex)** | Date | March 6, 2017 |
|---|---|---|---|
| Title | **UNITED MOTORS INTERNATIONAL, INC. ET AL V.  PETER HARTWICK ET AL** | | |

With respect to the second element, Plaintiffs allege that the Hartwick Defendants engaged in a litany of wrongful conduct, including removing a heavy fence so that pit bulls could attack Plaintiffs on the Ea Property, (FAC ¶¶ 17(a), (b); 44), shooting at Plaintiffs with an air gun, (FAC ¶ 17(c); 46), and trespassing onto the Property and verbally threatening bodily injury against Plaintiff Ea, (FAC ¶ 50).  These many allegations fail to specify even one action taken by Defendant Vazquez.  Rather, the allegations pertain overwhelmingly to the Hartwick Defendants' actions.  Nevertheless, Plaintiffs allege that the various assaultive behaviors "were part of a common plan and scheme between [Peter Hartwick] [and] Vazquez . . . to deny Plaintiffs the quiet and peaceable enjoyment of the Ea Property, with the ultimate goal of dispossessing Plaintiff's [sic] of their right, title, and interest, in, and to, the Ea Property and the business that they operate their [sic]."  (FAC ¶ 52.)  Viewing the pleadings in a light favorable to Plaintiffs, the Court finds that Plaintiffs have adequately pleaded the second element.

Finally, with respect to damages, Plaintiffs allege that they have suffered lost income due to inability to peaceably operate their business.  (FAC ¶ 51.)  Plaintiffs also claim injuries including (1) fear for their safety (FAC ¶ 45), (2) extreme emotional distress, pain and suffering, (FAC ¶ 51), and (3) exposure to hatred, contempt, ridicule and obloquy, (FAC ¶ 64).  Because Plaintiffs have stated sufficient facts to plead their civil conspiracy claim, the Court **DENIES** Government Defendants' Motion with respect to the civil conspiracy claim against Defendant Vazquez.

### 3.    Unfair Business Practices Claim

Plaintiffs bring a claim against Defendants for violating California Business & Professions Code §§ 17200, *et seq.* (the "UCL").  To constitute a violation of the UCL, the alleged action must qualify as "unfair competition," or be an "act[] or practice[] which [is] unlawful, or unfair, or fraudulent." *Shvarts v. Budget Grp., Inc.*, 81 Cal. App. 4th 1153, 1157 (Cal. Ct. App. 2000) (quoting *Podolsky v. First Healthcare Corp.*, 50 Cal. App. 4th 632, 647 (Cal. Ct. App. 1996)).  An act can be alleged to violate any or all of the three prongs of the UCL—unlawful, unfair, or fraudulent.  *Berryman v. Merit Prop. Mgm't, Inc.,* 152 Cal. App. 4th 1544, 1554 (Cal. Ct. App. 2007); *see also Klein v. Chevron U.S.A., Inc.,* 202 Cal. App. 4th 1342, 1374 (Cal. Ct. App. 2012).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 17-00243 BRO (Ex) | Date | March 6, 2017 |
|---|---|---|---|
| Title | UNITED MOTORS INTERNATIONAL, INC. ET AL V.  PETER HARTWICK ET AL | | |

A claim based on the UCL must be brought "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code § 17204; *Sullivan v. Wash. Mut. Bank, FA*, C-09-2161 EMC, 2009 WL 3458300, at *4 (N.D. Cal. Oct. 23, 2009); *accord Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1172 (E.D. Cal. 2007) ("to have standing to assert any UCL claim, Plaintiff must show either prior possession or a vested legal interest in the money or property allegedly lost").  Defendants argue that Plaintiffs UCL claim should be dismissed because (1) the City of Downey, a public entity, cannot be held liable under the UCL, and, (2) no specific allegations exist that relate to any of Vazquez's supposed business activities.  (Mot. at 19–20.)  Plaintiffs do not respond to Government Defendants' arguments regarding the UCL claim.  (*See generally* Opp'n.)

First, the Court finds that the City of Downey, as a public entity, cannot be held liable under the UCL.  *See Trinkle v. California State Lottery*, 71 Cal. App. 4th 1198, 1202 (Cal. Ct. App. 1999) ("Nowhere in the Unfair Competition Act (UCA; Bus. & Prof. Code, § 17200 *et seq.*) is there a provision imposing governmental liability for violations of the act."); *People for the Ethical Treatment of Animals, Inc. v. California Milk Producers Advisory Bd.*, 125 Cal. App. 4th 871, 881 (Cal. Ct. App. 2005) (holding that government agency could not be liable under UCL); *Cmty. Mem'l Hosp. v. Cty. of Ventura*, 49 Cal. App. 4th 527, 211 (Cal. Ct. App. 1996), *as modified* (Sept. 18, 1996) (holding that Ventura County could not be held liable under UCL); *California Med. Ass'n, Inc. v. Regents of Univ. of California*, 79 Cal. App. 4th 542, 551 (Cal. Ct. App. 2000) "the University of California is a 'public entity' (Gov. Code, § 811.2) and, therefore, not a 'person' within the meaning of the Unfair Practices Act.").

Furthermore, Plaintiffs' FAC fails to attribute any business- or competitive purpose to Defendant Vazquez's alleged wrongdoing.  While the FAC is rife with allegations of wrongdoing, such as the Hartwick Defendants' allegedly sicking pitbulls on Plaintiffs, the pleadings fail to specify any particular business activity presently conducted by Government Defendants and Defendant Vazquez in particular, that might be construed as unlawful, unfair, or fraudulent.  For instance, Plaintiffs allege that "[t]he Defendants . . . engaged in [a] pattern of wrongful and unlawful conduct with the intent to deprive Plaintiffs of the quiet and peaceable enjoyment, possession, and occupancy of the Ea Property, with the ultimate goal of dispossessing Plaintiffs of the Ea Property so

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00243 BRO (Ex) | | Date | March 6, 2017 |
|---|---|---|---|---|
| Title | UNITED MOTORS INTERNATIONAL, INC. ET AL V.  PETER HARTWICK ET AL | | | |

that Defendants may acquire title for their own and exclusive benefit."  (FAC ¶ 18.)  This allegation, like the remainder of the FAC, suffices to highlight an allegedly a wrongful purpose, but lacks any factual basis regarding Defendant Vazquez's business activities or competitive purpose.[6]

Accordingly, the Court **GRANTS in part** Government Defendants' Motion and hereby **DISMISSES with prejudice** Plaintiffs' UCL claim against City.  Further, the Court **DISMISSES without prejudice** Plaintiffs' UCL claim against Defendant Vazquez.

### 4.    Extortion

"Extortion is the obtaining of property from another, with his consent . . . induced by a wrongful use of force or fear . . . ."  (Cal. Pen. Code § 518.)  *Flatley v. Mauro*, 39 Cal. 4th 299, 326 (Cal. 2006).  Plaintiffs maintain that their extortion claim is adequately pleaded against Defendant Vazquez.  Plaintiffs claim that "Vazquez engaged in a course of conduct with the Hartwicks . . . intended to obtain Plaintiffs' Property from them.  This meets the definition of extortion . . . ."  (Opp'n at 13.)  The Government Defendants argue that "[P]laintiffs' allegations of extortion reiterate the numerous complaints made with respect to the Hartwicks, which . . . cannot be adequately imputed to Mayor Vazquez."  (Mot. at 20.)  Importantly, Government Defendants claim that "[P]laintiffs have not asserted that anything (i.e., money or property) has actually been extorted."  (Mot. at 20.)

Plaintiffs allege that Defendant Vazquez threatened Plaintiffs when he stated that "[Plaintiff Ea] better 'play ball.'"  (FAC ¶ 16(c).)  Plaintiffs also aver that Defendant Vazquez, in conspiring with the Hartwick Defendants, threatened Plaintiffs through pitbull attacks and air gun shots.  (*See* FAC ¶ 81.)  However, Plaintiffs fail to allege any facts in the FAC that identify money or property Defendant Vazquez allegedly obtained from Plaintiffs by way of these alleged threats.  While the California Penal Code

---

[6] Defendant Vazquez serves as mayor of the City of Downey.  It is unclear what business Plaintiffs allege Defendant Vazquez to be involved in such that his activities may be considered unfairly competitive under the UCL.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00243 BRO (Ex) | | Date | March 6, 2017 |
|---|---|---|---|---|
| Title | UNITED MOTORS INTERNATIONAL, INC. ET AL V.  PETER HARTWICK ET AL | | | |

categorizes *attempted* extortion as a punishable offense, *see* Cal. Pen. Code § 519, this Court is aware of no civil equivalent under California law.  As such, this Court finds that Plaintiffs' extortion claim is inadequately pleaded against Defendant Vazquez. Accordingly, the Court **DISMISSES without prejudice** Plaintiffs' extortion claim against Defendant Vazquez.

Furthermore, Plaintiffs concede that "Defendants correctly state that [the Extortion and RICO claims] may not be stated against the City."  (Opp'n at 13.)  Accordingly, the Court hereby **DISMISSES with prejudice** Plaintiffs' extortion claim against City of Downey.

### 5.    RICO Claim

Next, Government Defendants contend that Plaintiffs' RICO claim is inadequately pleaded.  (*See* Mot. at 21.)  "The elements of a civil RICO claim are as follows: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's 'business or property.'"  *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (quoting *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996)).

To amount to a "pattern" of racketeering activity, there must have been "at least two [predicate] acts of racketeering activity" within ten years of each other.  18 U.S.C. § 1961(5).  But although two predicate acts are necessary for a pattern, they are not sufficient alone.  *See H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 237–38 (1989). Moreover, where, as here, a plaintiff alleges RICO claims against multiple defendants, the "plaintiff must allege at least two predicate acts by *each* defendant."  *In re WellPoint, Inc.*, 865 F. Supp. 2d 1002, 1035 (C.D. Cal. 2011).  Inherent in the requirement for a pattern of racketeering activity is the requirement of continuity.  *See H.J. Inc.*, 492 U.S. at 237.  "[T]o prove a pattern of racketeering activity a plaintiff [] must show that the racketeering predicates are related, and that they amount to or pose a threat of continued activity."  *Id.* at 239.  These are two distinct requirements.  *See id.* at 242 ("[W]hat must be continuous, RICO's predicate acts or offenses, and the relationship these predicates must bear one to another, are distinct requirements.").  "Predicate acts extending over a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00243 BRO (Ex) | | Date | March 6, 2017 |
|---|---|---|---|---|
| Title | UNITED MOTORS INTERNATIONAL, INC. ET AL V.  PETER HARTWICK ET AL | | | |

few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct." *Id.*

Government Defendants maintain that the RICO claim against the City fails because the Ninth Circuit has rejected RICO claims against municipalities. (*See* Mot. at 21 (citing *Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir. 1996), *cert. denied*, 520 U.S. 1268 (1997)).)  With respect to Defendant Vazquez, Government Defendants claim that Plaintiffs fail to allege more than one predicate act. (Mot. at 21–22.)  Also, Government Defendants explain that "wrongful conduct occurring over the course of a few months" is not the conduct with which Congress was concerned in RICO. (*Id.* at 22 (citing *H.J. Inc.*, 492 U.S. at 242; *Religious Technology Center v. Wollersheim*, 971 F.2d 364, 367 (9th Cir. 1992)).  Lastly, Government Defendants claim that Plaintiffs' allegations "at best show nothing more than isolated, sporadic conduct, which is insufficient for purposes of RICO." (Mot. at 22.)

Here, Plaintiffs have alleged that Defendant Vazquez came "to Plaintiffs' Property with Mr. Maniaci and threaten[ed] that Mr. Ea had better 'play ball.'" (*See* Opp'n at 14.) The Court has closely reviewed the FAC and finds no other allegations of predicate acts committed by Defendant Vazquez.  Although the Plaintiffs allege that the Hartwick Defendants' alleged torts and recurring behavior was committed according to a common plan/scheme that includes Vazquez, Plaintiffs fail to offer any action Mr. Vazquez himself took, beyond his alleged threat that Ea "play ball." (*See* FAC ¶ 16(c).)  Thus, Plaintiffs' RICO claim against Defendant Vazquez fails on this basis.  Accordingly, the Court **DISMISSES without prejudice** Plaintiffs' RICO claim against Defendant Vazquez.  As noted above, Plaintiffs concede that their RICO claim against City of Downey fails as a matter of law. (*See* Opp'n at 13.)  Accordingly, the Court **DISMISSES with prejudice** Plaintiffs' RICO claim against Defendant City of Downey.

### 6.     42 U.S.C. § 1983 Claims

#### a.     *Monell* Claim

Government Defendants claim that "[a] municipality such as the City of Downey . . . cannot be deemed liable for actions of its employees or officials under a

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 17-00243 BRO (Ex) | Date | March 6, 2017 |
|---|---|---|---|
| Title | UNITED MOTORS INTERNATIONAL, INC. ET AL V. PETER HARTWICK ET AL | | |

*respondeat superior* theory." (Mot. at 23.)  According to Government Defendants, "City of Downey may be liable only if plaintiffs' alleged constitutional injury was the result of a custom, policy, or practice.'" (Mot. at 23 (citing *Monell v. Department of Social Services*, 436 U.S. 658 (1978)).)  And the Government Defendants maintain that "Plaintiffs make no allegation of an official policy to discriminate against individuals based on race or ethnicity." (Mot. at 23.)  Plaintiffs respond that "[a]lthough [a custom, policy, or practice] is one basis of liability, liability also arises where omissions or failures to act amount to a local government policy of deliberate indifference to constitutional rights; or when a local government official with final policy-making authority ratifies a subordinate's unconstitutional conduct." (Opp'n at 14 (citing *Johnson v. Shasta County*, 83 F. Supp. 3d 918, 930).)

Municipalities may be held liable as "persons" under 42 U.S.C. § 1983, but not for the unconstitutional acts of their employees based solely on a *respondeat superior* theory. *Monell*, 436 U.S. at 691.  Rather, a plaintiff seeking to impose liability on a municipality under § 1983 is required "to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694; *Pembaur v. Cincinnati*, 475 U.S. 469, 480–81 (1986); and *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

To sufficiently plead a *Monell* claim and withstand a Rule 12(b)(6) motion to dismiss, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).  A *Monell* claim may be stated under three theories of municipal liability: (1) when official policies or established customs inflict a constitutional injury; (2) when omissions or failures to act amount to a local government policy of deliberate indifference to constitutional rights; or (3) when a local government official with final policy-making authority ratifies a subordinate's unconstitutional conduct. *Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1249–50 (9th Cir. 2010) (*overruled on other grounds*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00243 BRO (Ex) | | Date | March 6, 2017 |
|---|---|---|---|---|
| Title | UNITED MOTORS INTERNATIONAL, INC. ET AL V.  PETER HARTWICK ET AL | | | |

### i.  Custom, Policy, or Practice

As Government Defendants point out, "Plaintiffs make no allegation of an official policy to discriminate against individuals based on race or ethnicity." (Mot. at 23.) Plaintiffs do not contend that they have alleged an official policy, practice, or custom in the FAC. (*See* Opp'n at 14–15.)  And upon reviewing the FAC, the Court finds no allegations of an official custom, policy, or practice.  Accordingly, Plaintiffs fail to state a *Monell* claim on the basis of official custom, policy, or practice.

### ii.  Omission

"A policy of inaction or omission may be based on failure to implement procedural safeguards to prevent constitutional violations." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012).  "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (holding that county's failure to train prosecutors regarding *Brady v. Maryland*, 373 U.S. 83 (1963), did not constitute obvious deficiency because attorneys had attended law school and were charged with knowing the law). "[P]olicies of omission regarding the supervision of employees . . . can be 'policies' or 'customs' that create municipal liability . . . only if the omission 'reflects a deliberate or conscious choice' to countenance the possibility of a constitutional violation." *Tsao*, 698 F.3d at 1145 (quoting *City of Canton*, 489 U.S. at 389–90).

It is not sufficient for a plaintiff to identify a custom or policy, attributable to the municipality, that caused his injury.  A plaintiff must also demonstrate that the custom or policy was adhered to with "deliberate indifference to the constitutional rights" of the plaintiff. *See City of Canton*, 489 U.S. at 392; *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1076 (9th Cir. 2016), *cert. denied sub nom. Los Angeles Cty., Cal. v. Castro*, No. 16-655, 2017 WL 276190 (U.S. Jan. 23, 2017).  "[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick*, 563 U.S. at 61 (internal citation and quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00243 BRO (Ex) | Date | March 6, 2017 |
|---|---|---|---|
| Title | UNITED MOTORS INTERNATIONAL, INC. ET AL V.  PETER HARTWICK ET AL | | |

In *Castro*, the Ninth Circuit held that the deliberate indifference inquiry is objective.  833 F.3d at 1076.  "Deliberate indifference" requires proof that a municipal actor disregarded a known or obvious consequence of his action.  *Connick*, 563 U.S. at 61 ("[W]hen city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program."); *see also Castro*, 833 F.3d at 1077 (discussing constructive notice for entities).  "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train."  *Connick*, 563 U.S. at 62; *see also Flores v. Cty. of L.A.*, 758 F.3d 1154, 1159–60 (9th Cir. 2014)

The allegations in the FAC fail to support a *Monell* claim based upon omissions or failures to act.  Contrary to Plaintiffs argument in opposition, the allegations in the FAC are not "very detailed facts of the discrimination directed by Mayor Vazquez at Mr. Ea." (*See* Opp'n at 15.)  The Court disagrees.  Plaintiffs' allegations of *Monell* violations are vague and conclusory.  First, the facts alleged in the FAC state in conclusory fashion that "[t]he City of Downey, by and through its employees, including, without limitation, Vazquez and the Downey Doe Defendants, have engaged in a pattern of discrimination and abuse directed at Ea based upon his national origin, race, and ethnicity . . . ."  (FAC ¶ 97.)  However, the FAC fails to identify a pattern of constitutional violations sufficient to demonstrate deliberate indifference.  Nor does the FAC identify any training program or instruction administered to Downey employees that causes violations of citizens' (including Plaintiffs') constitutional rights.  Additionally, Plaintiffs do not allege any failure to train City of Downey employees regarding their obligations not to violate citizens' constitutional rights.  In sum, Plaintiffs fail to state a *Monell* claim against the City based upon a theory of omission or failure to act.

### ii.     Ratification

The Ninth Circuit has stated that ratification liability may attach when a final policymaker ratifies a subordinate's unconstitutional action and the basis for it.  *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)).  This occurs when the official policymaker involved has adopted

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

#### CIVIL MINUTES – GENERAL

| Case No. | CV 17-00243 BRO (Ex) | Date | March 6, 2017 |
|---|---|---|---|
| Title | UNITED MOTORS INTERNATIONAL, INC. ET AL V.  PETER HARTWICK ET AL | | |

and expressly approved of the acts of others who caused the constitutional violation. *Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir. 1996).  There must be evidence that the policymaker "made a deliberate choice to endorse" the subordinate employee's actions. *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992).  Ratification generally requires more than acquiescence.  *Sheehan v. City & Cty. of S.F.*, 741 F.3d 1211, 1231 (9th Cir. 2014), *rev'd on other grounds*, 135 S. Ct. 1765 (2015).  A mere failure to overrule a subordinate's actions, without more, is insufficient to support a § 1983 ratification claim. *Christie*, 176 F.3d at 1239.  *See also Clouthier*, 591 F.3d at 1253–54 (holding that failure to discipline employees, without more, was insufficient to establish ratification) (*overruled on other grounds in Castro*, 833 F.3d at 1070 (en banc)).

With respect to ratification, Plaintiffs must allege "affirmative or deliberate conduct" on the part of policymaker to give rise to municipal liability based on ratification.  *Gillette*, 979 F.2d at 1348.  Plaintiffs fail to identify "affirmative or deliberate conduct" on Vazquez's part.  Plaintiffs argue that Mr. Vazquez has final policy-making authority on behalf of the City.  (Opp'n at 15.)  "At [Vazquez's] direction, City employees have moved to prevent Mr. Ea from obtaining the promised license . . . and denied him his Constitutionally protected property rights."  (Opp'n at 15.) If Plaintiffs contend that David Blumenthal's actions to deny Plaintiffs' license are the subject official action underlying Plaintiffs' *Monell* claim, then their claim fails because "a policymaker's mere refusal to overrule a subordinate's completed act does not constitute approval."  *Christie,* 176 F.3d at 1239.  Thus, here, Mr. Vazquez's potential refusal to overrule Blumenthal's act would not constitute ratification of such act.

Additionally, Plaintiffs' allegations are insufficient because they fail to identify with any specificity a factual basis indicative of discriminatory intent or impact on Blumenthal's (or other employee's) part.  Plaintiffs also fail to plead that Vazquez had knowledge of a discriminatory, unconstitutional basis of Blumenthal's (or other employees') alleged actions.  Finally, Plaintiffs offer no facts to support that Vazquez specifically approved of City employees' prior discriminatory acts.  *See Lytle v. Carl*, 382 F.3d 978, 987–88 (9th Cir. 2004) ("[R]atification requires both knowledge of the alleged constitutional violation, and proof that the policymaker specifically approved of the subordinate's act."); *see also Sheehan*, 741 F.3d at 1231.  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 17-00243 BRO (Ex) | Date | March 6, 2017 |
|---|---|---|---|
| Title | UNITED MOTORS INTERNATIONAL, INC. ET AL V.  PETER HARTWICK ET AL | | |

a motion to dismiss." *Ivey v. Bd. of Regents of the Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).  Accordingly, this Court **DISMISSES without prejudice** Plaintiffs' Section 1983 *Monell* claim against the City of Downey.

> ### b.    Equal Protection Claim

The Ninth Circuit has held that § 1983 claims based on Equal Protection violations must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent.  *See Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998) (citing *De La Cruz v. Tormey*, 582 F.2d 45, 58 (9th Cir. 1978), cert. denied, 441 U.S. 965 (1979); *Washington v. Davis*, 426 U.S. 229 (1976)).

Government Defendants argue that "[P]laintiffs provide no support, let alone any specific allegations, of discriminatory intent.  There is nothing indicating that Mayor Vazquez's alleged wrongful acts were motivated at all by Plaintiff Ea's Cambodian decent [sic]."  (Mot. at 24.)  Plaintiffs respond that Vazquez engaged in and directed discriminatory conduct, for which he and the City are liable.

Here, Plaintiffs allege in the FAC that "[t]he City of Downey, by and through its employees, including, without limitation, Vazquez and the Downey Doe Defendants, have engaged in a pattern of discrimination and abuse directed at Ea based upon his national origin, race, and ethnicity . . . ."  (FAC ¶ 97.)  Beyond this allegation, Plaintiffs' FAC is devoid of factual allegations that show intentional unlawful discrimination or could support an inference of discriminatory intent.  Plaintiffs fail to plead even how the Government Defendants allegedly discriminated against Plaintiff Ea.  The Court finds that Plaintiffs' bare allegation is insufficient to state a claim for violation of the Equal Protection clause.  Thus, the Court **DISMISSES without prejudice** Plaintiffs' Section 1983 claim of intentional discrimination against Defendant Vazquez.

> ### 7.    Title VI Claim

For Section 1983 actions premised upon equal protection, the Ninth Circuit requires allegations sufficient to be susceptible to an inference of discriminatory intent.

---

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 17-00243 BRO (Ex)** | | **Date** | March 6, 2017 |
|---|---|---|---|---|
| Title | **UNITED MOTORS INTERNATIONAL, INC. ET AL V.  PETER HARTWICK ET AL** | | | |

*See* discussion *supra* Section V.B.6.  However, under Title VI, the Ninth Circuit requires only that the complaint allege that the defendant is engaging in discrimination, although a showing of intent is necessary at trial.  *Martin v. Tilton*, 519 F. App'x 504 (9th Cir. 2013) (citing *Monteiro*, 158 F.3d at 1026).  To state a claim under Title VI, a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance.  *Fobbs v. Holy Cross Health System Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994).

Government Defendants again argue that "[t]here are simply no facts upon which a court could infer that Mayor Vazquez or any City of Downey employee or official acted against plaintiffs due to race, ethnicity or national origin."  (Mot. at 25.)  Again, Plaintiffs allege that "[t]he City of Downey, by and through its employees, including, without limitation, Vazquez and the Downey Doe Defendants, have engaged in a pattern of discrimination and abuse directed at Ea based upon his national origin, race, and ethnicity . . . ."  (FAC ¶ 97.)  Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient to state a Title VI Claim.  *See Twombly*, 550 U.S. at 555.  Accordingly, the Court **DISMISSES without prejudice** Plaintiffs' Title VI claim against Government Defendants.

## VI.    CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs failed to established grounds for remand in this case.  Therefore, the Court **DENIES** Plaintiffs' Motion to Remand.

Additionally, the Court **GRANTS in part** Government Defendants' Motion to Dismiss.  The Court hereby **DISMISSES without prejudice** the following claims: (1) breach of contract, against City of Downey; (2) fraud, against Government Defendants; (3) specific performance, against City of Downey; (4) violation of UCL, against Defendant Vazquez; (5) extortion, against Defendant Vazquez; (6) violation of RICO, against Defendant Vazquez; (7) Section 1983 *Monell* claim, against City of Downey; (8) Section 1983 Equal Protection clause claim against Defendant Vazquez; and, (9) violation of Title VI, against Government Defendants.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 17-00243 BRO (Ex) | | Date | March 6, 2017 |
|---|---|---|---|---|
| Title | UNITED MOTORS INTERNATIONAL, INC. ET AL V. PETER HARTWICK ET AL | | | |

The Court hereby **DISMISSES with prejudice** the following claims against Defendant City of Downey: (1) UCL claim; (2) extortion claim; and, (3) RICO claim.

The Court **DENIES** Government Defendants' Motion with respect to the remaining claims at issue.

Plaintiffs shall file an amended complaint, if any, within **twenty-one (21) days** of the filing of this Order.

**IT IS SO ORDERED.**

:

| Initials of Preparer | rf |
|---|---|